JOSEPH GERRISH *vs.* JOSEPH B. CUMMINGS & another.

In an action of trover against two, one of whom is defaulted, and the other found guilty by the jury, there is but one assessment of damages, and a joint judgment.
Where one of two defendants, in an action of trover, is defaulted, he is incompetent as a witness on the trial for the other, on the ground of interest, even though called to testify to matters not connected with the question of damages.
A witness, who is admissible at all, is liable to be examined upon all matters pertinent to the issue on trial; and one, who is incompetent by reason of interest in the event of the suit, cannot be made competent by being called to testify only to a fact in which he is not interested, and not to the question of damages.

THIS was an action of trover, tried before *Wells*, C. J., in the court of common pleas.   The plaintiff, at the trial, introduced evidence tending to prove that Cummings, one of the defendants, hired a horse of him to go to Templeton, telling him that Bonney, the other defendant, was going with him; that Bonney rode with Cummings; that it was a joint hiring in which Bonney was interested; and that the horse was driven a greater distance than he was hired for.

Cummings having been defaulted at a previous term, the other defendant, Bonney, defended, denying that he was connected with the hiring, and contending that there was no joint hiring or conversion; and he offered Cummings as a witness, generally, but the presiding judge rejected him as incompetent.   He then offered Cummings as a witness upon the question of joint hiring alone, without reference to the question of damages, but the witness was again rejected. The defendants then moved severally for a separate assessment of damages, but the motion was overruled, and the jury returned a verdict for the plaintiff, and assessed damages against both defendants, who thereupon alleged exceptions.

*A. P. Bonney*, for the defendants.

*B. F. Butler*, for the plaintiff.

SHAW, C. J.   In an action of trover, after one defendant was defaulted, the other pleaded; and on a trial of the issue, Bonney, who pleaded, called Cummings, who was defaulted as a witness, first generally, next as a witness upon the question of joint hiring, and not on the question of damages

but he was rejected.  The court are of opinion, that he was not a competent witness, on the ground of interest, and was rightly rejected.

In an action of trover, there can be but one assessment of damages.  Though one defendant is defaulted and the other found guilty, yet there must be a joint judgment.  The verdict, which is to fix the amount of damages, fixes it as well for the party defaulted, as for the party who pleaded. The defaulted defendant, therefore, has a direct interest in favor of his co-defendant, the party who called him, to reduce the damages.  *Thorpe* v. *Barber,* 5 M. G. & S. 675.

In a subsequent case, *Haddrick* v. *Heslop,* 12 Ad. & El. N. S. 267, in trespass, a defaulted defendant was admitted as a competent witness ; but he was called by the plaintiff, and of course to testify against his interest.  But the authority of *Thorpe* v. *Barber* was recognized and affirmed.

We think a similar rule was adopted on similar grounds, by this court, in the case of *Vinal* v. *Burrill,* 18 Pick. 29, which is distinguishable, we think, from the case of *Bradlee* v. *Neal,* 16 Pick. 501 ; because that was upon contract, where there would be contribution amongst defendants, in case of a joint judgment ; where the rights of the defendants themselves would not be determined by the judgment, in the case on trial ; and where, therefore, the witness, had no direct interest in the event of the suit.

It appears to us very clear, that the competency of the witness could not depend upon the consideration, that he was specially called to testify to a fact, in which he was not interested, and not to the question of damages.  If admissible at all, we think he would be liable to be examined upon all matters pertinent to the issue.  His competency depends upon his interest in the event of the suit, and not in the particular question to which the party calling him chooses to examine him.  A different notion has sometimes been suggested, but we think there is no ground for it.

*Judgment on the verdict for the plaintiff.*